Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Tracy R. Walstad, | No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| The Law Office of Mitchell D. Bluhm & Associates, LLC; Mitchell D. Bluhm; Capio Partners, LLC; and Experian Information Solutions, Inc.; | (Jury Trial Demanded) |
| Defendants. | |

## I. PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages based upon Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*. and / or the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq*. Plaintiff seeks to recover statutory damages, actual damages, punitive damages, costs and attorney's fees.

## II. JURISDICTION

2. Jurisdiction of this Court, over this action and the parties herein, arises

under 15 U.S.C. § 1692k(d) (FDCPA), 15 U.S.C. § 1681p (FCRA), and 28 U.S.C. § 1331. Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendants perpetrated therein.

### III. PARTIES

3. Plaintiff Tracy R. Walstad is a resident of Maricopa County, Arizona.

4. Mr. Walstad is a natural person who is allegedly obligated to pay two medical bills which were incurred for personal, family, or household purposes.

5. Mr. Walstad is a "consumer" as that term is defined by FDCPA § 1692a(3).

6. Defendant The Law Office of Mitchell D. Bluhm & Associates, LLC ("The Law Office") is a foreign limited liability company.

7. The Law Office collects or attempts to collect debts owed or asserted to be owed or due another.

8. The Law Office is a "debt collector" as that term is defined by FDCPA § 1692a(6).

9. Defendant Mitchell D. Bluhm ("Bluhm") is an attorney located in the State of Texas.

10. Mr. Bluhm owns The Law Office.

11. Mr. Bluhm controls the day to day operations of The Law Office, and is the primary person responsible for overseeing the debt collection activities of the collectors working for The Law Office.

12. Mr. Bluhm collects or attempts to collect debts owed or asserted to be owed or due another.

13. Mr. Bluhm is a "debt collector" as that term is defined by FDCPA § 1692a(6).
14. The Law Office is a "person" as that term is defined by FCRA § 1681a(b).
15. The Law Office is a furnisher of information as contemplated by FCRA §1681s-2(a) & (b), who furnishes information to one or more consumer reporting agency about consumer transactions or experiences with any consumer.
16. Defendant Capio Partners, LLC ("Capio") is a Texas limited liability company registered to do business within the state of Arizona.
17. Capio is licensed as a collection agency by the Arizona Department of Financial Institutions, license number 0910351.
18. Capio collects or attempts to collect debts owed or asserted to be owed or due another, or debts which it claims to have purchased or been assigned after default.
19. Capio is a "debt collector" as that term is defined by FDCPA § 1692a(6).
20. At all times relevant herein, The Law Office and Mr. Bluhm were acting in concert with and on behalf of, and / or as agent for, Capio.
21. Capio is liable for the actions of its agents in attempting to collect debts which it has placed with The Law Firm.
22. Defendant Experian Information Solutions, Inc. ("Experian") is an Ohio corporation registered and conducting business within the state of Arizona.
23. Experian is a "person" as that term is defined by FCRA § 1681a(b).

24. Experian is a "consumer reporting agency" as that term is defined by FCRA § 1681a(f).

## IV.  FACTUAL ALLEGATIONS

25. In January or February 2015, Walstad received notice through a credit monitoring service that two derogatory collection accounts had been added to and reporting on his Experian credit report.

26. On or about February 27, 2015, Walstad obtained a copy of his Experian report.

27. The Experian report reflected two account trade lines reported by The Law Office.

28. The Law Office reported the first account trade line alleging that $1,091.00 is currently owed, and that the account had been charged off in January 2015.

29. The Law Office reported the second account trade line alleging that $988.00 is currently owed, and that the account had been charged off in January 2015.

30. Neither of these accounts trade lines or debts belong to Mr. Walstad.

31. Upon learning of these trade lines, Mr. Walstad contacted The Law Office to dispute owing this debts.

32. During one of his telephone calls with The Law Office, Mr. Walstad provided the last four digits of his Social Security Number to the collector who told him that his Social Security Number did not match that on its records.

33. During one of his telephone calls with The Law Office, Mr. Walstad provided his date of birth to the collector who told him that his date of

1  birth did not match the date of birth on its records.

2  34.  During one of his telephone calls with The Law Office, the collector told Mr. Walstad that the address they had on file was for a Tracy Walstad located in Nevada, not Arizona where Walstad resides.

35.  During on of his telephone calls with The Law Office, the collector informed Mr. Walstad that it was collecting these alleged debts on behalf of Capio.

36.  Even though it knew that Mr. Walstad's personal identification information did not match what it had on its records, The Law Office attempted to get Mr. Walstad to pay the debt in order to remove the items from his credit report.

37.  In addition, rather than agree to immediately remove these two account trade lines from Mr. Walstad's credit report, the collector referred him to Capio to work things out.

38.  Upon information and belief, The Law Office reported these two account trade lines to Plaintiff's Experian credit report in order to coerce payment of these debts from Mr. Walstad.

39.  Upon information and belief, The Law Office provided false information to Experian, including an incorrect name, address, Social Security Number and / or date of birth, which caused these two account trade lines to appear on Mr. Walstad's Experian credit report.

40.  In the alternative, Experian mixed these two account trade lines with Mr. Walstad's credit report even though the personal identification information, including the name, Social Security Number and / or date of birth did not match those of Mr. Walstad.

41. As a result of Defendants' actions as outlined above, Mr. Walstad has suffered damages including, but not limited to, economic loss, loss of credit opportunities, embarrassment, humiliation, anxiety, invasion of privacy, and other extreme emotional distress.

42. Defendants' actions as outlined above were intentional, willful, and in gross or reckless disregard of Plaintiff's rights and part of Defendants' persistent and routine practice of debt collection.

43. In the alternative, Defendants' actions were negligent.

### V.  CAUSES OF ACTION

### Count 1. Fair Debt Collection Practices Act

(Against The Law Office, Bluhm and Capio)

44. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

45. Defendants The Law Office, Bluhm and Capio's violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692e(11), 1692f, 1692f(1), and 1692g

46. As a direct result and proximate cause of Defendants The Law Office, Bluhm and Capio's actions in violation of the FDCPA, Plaintiff has suffered actual damages.

### Count 2.  Fair Credit Reporting Act

(Against Experian)

(Willful Noncompliance with FCRA)

47. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

48. Experian willfully failed to comply with the requirements of FCRA including but not limited to:
    a.   failing to follow reasonable procedures to assure maximum possible accuracy of the information in reports concerning Plaintiff, as required by 15 U.S.C. § 1681e(b);
49. As a result of Experian's failure to comply with the requirements of FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including, but not limited to, economic loss, loss of credit opportunities, embarrassment, humiliation, anxiety, invasion of privacy, and other extreme emotional distress, for which Plaintiff seeks damages in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.
50. Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681n(a).

## Count 3.  Fair Credit Reporting Act
## (Against Experian)
## (Negligent Noncompliance with FCRA)

51. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.
52. Experian negligently failed to comply with the requirements of FCRA including but not limited to:
    a.   failing to follow reasonable procedures to assure maximum possible accuracy of the information in reports concerning Plaintiff, as required by 15 U.S.C. § 1681e(b);
53. As a result of Experian's failure to comply with the requirements of FCRA, Plaintiff has suffered, and continues to suffer, actual damages,

including, but not limited to, economic loss, loss of credit opportunities, embarrassment, humiliation, anxiety, invasion of privacy, and other extreme emotional distress, for which Plaintiff seeks damages in an amount to be determined by the jury.

54. Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681*o*(a).

## VI.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendants for:

a) Actual damages to be determined by the jury;

b) Punitive damages to be determined by the jury;

c) Statutory damages;

d) Costs and reasonable attorney's fees; and

e) Such other relief as may be just and proper.

DATED  March 3, 2015  .

   s/ Floyd W. Bybee   
Floyd W. Bybee, #012651  
**BYBEE LAW CENTER, PLC**  
90 S. Kyrene Rd., Ste. 5  
Chandler, AZ 85226-4687  
Office: (480) 756-8822  
Fax: (480) 302-4186  
floyd@bybeelaw.com

Attorney for Plaintiff
